■    In the Matter of M. H. G. ENTERPRISES, INC., Petitioner, v. BETTY FURNESS, as Commissioner of the Department of Consumer Affairs of the City of New York, Respondent. CITY OF NEW YORK et al., Plaintiffs, v. M. H. G. ENTERPRISES, INC., Doing Business as ADVENTURERS INN AMUSEMENT PARK, et al., Defendants.— Determination of respondent Commissioner of the New York City Department of Consumer Affairs, made June 14, 1973, revoking various licenses held by petitioner to operate various common show games and rides unanimously annulled, on the law, and the matter remanded to respondent to hold a hearing *ab initio* on the question of license revocation and renewal, without costs and without disbursements. After long time operation of amusement devices at Adventurers Inn Amusement Park, a series of summonses based on claimed inadequacies of equipment and operation were served on petitioner by various city departments. During late 1972 and early 1973, petitioner's difficulties with respondent and other departments were largely cleared up by compliance and inspection. Some problems still remained,

however, particularly in respect of electrical violations charged by the appropriate department, when a first session was held before one Pollack, respondent's hearing officer, on the subject of renewal of the licenses. Pollack there made a statement, interpretation of which is disputed: by petitioner, that when the violations were actually corrected by the work then in progress, operation of each device so corrected might be resumed; by respondent, that such resumption might take place only after the licenses were actually renewed. Two other factors complicate the situation, One was that, at a later session, petitioner was faced, without prior warning, with a new charge of being unfit to operate the park because of callous indifference to human life and safety. Another was the custom and usage which obtained, pursuant to which, because of inspections and related processes, operators were permitted to continue in business without actual renewal during time lags occasioned by the departmental work. In any event, respondent, after six months or so of these complicated maneuverings, revoked some of petitioner's various licenses for operating without licenses and refused to renew others. There is a grave question as to whether Pollack's statement constituted permission to operate without formal licensing, never really explored at the hearing, and it was manifestly unfair to add a new and most serious charge without warning or opportunity for preparation. The hearing was far from full and complete, considering all the issues. A new hearing is required, with full notice of charges and opportunity to contest them. Motion for temporary injunction by plaintiff against defendants, transferred to this court, to be considered by this court simultaneously with the article 78 proceeding by M. H. G. Enterprises against the Department of Consumer Affairs, by order of Supreme Court, New York County, entered September 24, 1973, is unanimously remanded to Supreme Court, Special Term, Part I, New York County, for disposition. The parties are the same in interest, though reversed as to plaintiff and defendant, as those in the article 78 proceeding, and the issues are related, but there is no warrant in law for consideration of this motion in the Appellate Division as there is, pursuant to CPLR 7804 (subd. [g]), for transfer of the related article 78 proceeding. It must therefore be returned for consideration in the proper forum. Concur — Markewich, J. P., Kupferman, Murphy, Capozzoli and Lynch, JJ.